UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK DESHON, | No. 2:14-cv-509-JAM-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| A. KAESTNER and JEFFREY BEARD,[1] | |
| Respondents. | |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents move to dismiss the petition as time-barred. For the reasons that follow, the motion must be granted.

/////

/////

---

[1] Petitioner named the "People of the State of California" as respondent. ECF No. 1. However, when a habeas petitioner is on parole, the proper respondent is the petitioner's parole officer and the official in charge of the parole agency or the state correctional agency. *See Ortiz–Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); Rule 2(b), 28 U.S.C. foll. § 2254. According to respondents, "although petitioner was previously released from prison on the presently-challenged case . . . he remains subject to parole conditions that are concurrent to his [current] prison term," which he is serving pursuant to a judgment in a separate case. ECF No. 13 at 1 n.1. The court therefore substitutes the correct respondents: A. Kaestner (petitioner's parole agent) and Jeffrey Beard (the Secretary of the California Department of Corrections and Rehabilitation).

1

## I. BACKGROUND

On April 21, 2003, petitioner pled guilty to sexual battery. ECF No. 16, Notice of Lodging Document in Paper ("Lodg. Doc.") 1. He was sentenced to a term of imprisonment on July 21, 2003. *Id.*; ECF No. 1 at 2. Petitioner did not appeal his conviction or sentence.

On September 5, 2013, petitioner filed a petition for writ of habeas corpus in the Placer County Superior Court. Lodg. Doc. 2. The Superior Court denied that petition on September 17, 2013. Lodg. Doc. 3.[2] On October 17, 2013, petitioner filed a habeas petition in the California Court of Appeal, Third Appellate District. Lodg. Doc. 6. The Court of Appeal denied that petition on October 24, 2013. Lodg. Doc. 7.

Petitioner filed his federal habeas petition on February 19, 2014. ECF No. 1.

## II. THE LIMITATIONS PERIOD

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

### A. Statutory Tolling

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled and remains tolled

---

[2] Petitioner filed a second habeas petition in the Superior Court shortly after the denial of his first; however, that petition appears to have challenged a different conviction than the sexual assault contested in his federal habeas petition. *See* Lodg. Doc. 4. Even if it did concern the same conviction, petitioner would not be entitled to statutory tolling for the period it was pending, as even his first petition was filed more than nine years after the expiration of the limitations period.

2

for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding that delays of ninety-one days and eighty-one days are "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement," and are, without adequate explanation, unreasonable under California law). A federal habeas application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), nor does a state petition filed after the federal limitations period has expired, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

**B. Equitable Tolling**

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id.*

**III. ANALYSIS**

Petitioner did not file an appeal after his sentencing on July 21, 2003. Because his "time for seeking direct review" under § 2244(d)(1)(A) expired sixty days after his sentencing, the limitations period began on September 20, 2003. *See* Cal. R. Ct. 8.308(a) (requiring that appeals from criminal judgments be filed within sixty days of the rendition of judgment). Although petitioner had until September 20, 2004 to file his federal habeas petition, he did not do so until

3

February 19, 2014—more than nine years after the expiration of the limitations period.  Absent tolling, his petition is barred under AEDPA.

### A.  Statutory Tolling

Petitioner filed his state habeas petitions well after the expiration of the federal limitations period.  *See* Lodg. Docs. 2 (filed September 5, 2013), 6 (filed October 17, 2013).  Because a state petition filed after the expiration of the federal limitations period does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. at 181-82, petitioner's filing of his state habeas petitions did not toll the limitations period.

### B.  Equitable Tolling

Furthermore, petitioner has not satisfied his burden of showing facts that entitle him to equitable tolling.  Both his federal petition and his opposition to respondents' motion to dismiss reference his failed suicide attempt at the age of sixteen, which allegedly left petitioner "partially developmentally disabled" and "mentally incompeten[t]."  ECF No. 1 at 3; ECF No. 21 at 2.  Petitioner contends that he was unable to understand what he was reading and did not have anyone to assist him when he received his discovery.  ECF No. 1 at 7.  He provides conflicting dates as to when he received his discovery.  *See id.* (alleging he did not receive discovery until July 2013); *id.* at 3 ("My discovery was finally given to me just befor[e] going to court to sign the plea bargain."); ECF No. 21 at 3 ("Never once were my files offered to me.").

First, petitioner has not even alleged that he has been diligent in pursuing collateral relief; that more than nine years passed between his sentencing and his first state habeas petition weighs against a finding of diligence.  *See Holland*, 560 U.S. at 645.  Second, the Ninth Circuit has made clear that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  To the extent petitioner suggests not having anyone to assist him with reading his discovery amounts to an extraordinary circumstance, the Ninth Circuit has also made clear that there is no right to counsel in habeas proceedings. *Miranda v. Castro*, 292 F.3d at 1067-68.  Third, petitioner has not established the relevance of his discovery file to the untimeliness of his habeas petitions.  Not only has petitioner not explained what he found in discovery that rendered

4

defense counsel's performance inadequate, petitioner has not explained why he needed discovery to file his habeas petitions. *See Waldron-Ramsey*, 556 F.3d at 1014 ("If diligent, he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline . . . ."); *see also Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009) (finding that a petitioner "is not entitled to equitable tolling on the ground that he did not have his legal files [when] the record shows that he was aware of the factual basis of his claims without them."). Because petitioner has not established that he has been pursuing his rights diligently and that some extraordinary circumstance prevented the timely filing of his federal habeas petition, equitable tolling is not warranted.

Thus, petitioner's federal habeas petition is untimely under AEDPA, as he filed it more than nine years after the expiration of the limitations period.

## IV.     RECOMMENDATION

Accordingly, it is hereby RECOMMENDED that (1) respondents' motion to dismiss (ECF No. 13) be granted and that (2) the petition for writ of habeas corpus (ECF No. 1) be dismissed with prejudice as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: December 9, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE